FOLGER LEVIN & KAHN LLP
Michael A. Kahn (SB# 057432, mkahn@flk.com)
Gregory D. Call (SB# 120483, gcall@flk.com)
Michael F. Kelleher (SB# 165493, mkelleher@flk.com)
Beatrice B. Nguyen (SB# 172961, bnguyen@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiffs
CISCO SYSTEMS, INC., CISCO TECHNOLOGY, INC., and CISCO-LINKSYS LLC

ORIGINAL FILED
07 JAN 10 PM 2:34
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MHP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 0198

CISCO SYSTEMS, INC., a California Corporation; CISCO TECHNOLOGY, INC., a California Corporation; CISCO-LINKSYS LLC, a California Limited Liability Corporation,

Plaintiffs,

v.

APPLE INC., a California Corporation, formerly known as APPLE COMPUTER, INC.,

Defendant.

Case No.

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESCRIPTION, AND INJURY TO BUSINESS REPUTATION**

**DEMAND FOR JURY TRIAL**

Plaintiffs CISCO SYSTEMS, INC., CISCO TECHNOLOGY, INC., and CISCO-LINKSYS LLC (hereinafter "Plaintiffs" or "Cisco"), by their attorneys, as and for their Complaint against Defendant, APPLE INC., allege as follows:

## I. JURISDICTION AND VENUE

1. This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description), for Unfair Business Practice arising under California Business and Professions Code § 17200 *et seq*., and for injury to business reputation.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the defendant Apple Inc. because Apple maintains its principal place of business in the State of California.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the defendant maintains its principal place of business in this district.

## II. INTRADISTRICT ASSIGNMENT

5. This is a trademark case subject to district-wide assignment under Local Rule 3-2(c).

## III. THE PARTIES

6. Plaintiff Cisco Systems, Inc. is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, having a principal place of business at 170 W. Tasman Drive, San Jose, California 95134.

7. Plaintiff Cisco Technology, Inc. ("CTI") is, and at all times mentioned herein was, a corporation organized under the laws of the State of California, having a principal place of business at 170 W. Tasman Drive, San Jose, California 95134.

8. Plaintiff Cisco-Linksys LLC is a wholly-owned subsidiary of Cisco Systems headquartered at 121 Theory Drive, Irvine, California 92617.

9. Upon information and belief, Defendant Apple Inc. is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple Inc. announced its new name yesterday. Previously, the company was known as Apple Computer, Inc.

## IV. FACTUAL BACKGROUND

10. Cisco Systems is a pioneer in the invention, sale and marketing of devices which are transforming the way people around the world connect, communicate and collaborate using the Internet and global information networks. Cisco's products are used every day to transport voice, data and video to and over the Internet. Cisco came to its position of technological leadership by hard work, substantial investment in research and development and through acquisition of companies with complementary technology. As a result of its endeavors, Cisco has created and owns valuable intellectual property in the form of patents, trademarks, copyrights and trade secrets.

11. Cisco was among the first companies to see the potential for voice communication using the Internet and other global information networks, commencing internal development efforts in the mid 1990s. In an interview in the September 15, 1997 edition of CIO Magazine, Cisco's then- and present Chief Executive officer John T. Chambers said he "believes the next step in networking's evolution will be increasing integration of data, voice and video traffic over the Internet." In 1998, Cisco began acquiring companies which added complementary voice technology to its Internet equipment and internal voice development efforts. In May, 1998, the company referred to "a three-prong Internet voice strategy."

12. Cisco also allied itself very early with pioneers in offering innovative Internet voice services for consumers. One such pioneer was InfoGear Technology Corporation of Redwood City, California. InfoGear developed and offered to consumers devices which were designed to provide easy access to the Internet without the need for a personal computer.

13. To identify to its customers its innovative blend of the global information network with a traditional telephone, InfoGear created and, on March 20, 1996, applied to register the iPhone mark with the United States Patent and Trademark Office (the "PTO"). On November 16, 1999, the PTO approved the application and issued a Certificate of Registration under Registration Number 2,293,011. A copy of the registration certificate is attached as Exhibit A.

14. Cisco Systems acquired the rights to the iPhone trademark in June 2000, as part of its acquisition of InfoGear Technology Corporation. Cisco Systems assigned the iPhone mark to CTI, which licenses the iPhone mark to Cisco-Linksys LLC. The Patent and Trademark Office record reflecting these transfers is attached as Exhibit B.

15. InfoGear first began selling iPhone-branded devices in 1997. The original iPhone was a device that combined a telephone and a dialup Internet portal. Today, Cisco continues to use the iPhone mark for its family of voice over IP telephones and other telephony equipment distributed by Cisco-Linksys LLC.

16. For most of its existence, Defendant Apple Inc. has been known primarily as a manufacturer of personal computers and software. In the last several years, Apple has expanded into consumer audio devices and music distribution. Apple has not—until now—had any presence in the field of internet or telephonic voice services or devices.

17. Fully aware that Cisco owned the rights to the iPhone mark, Apple first approached Cisco in 2001 about the possibility of acquiring or licensing the rights to iPhone. Apple has continued making such requests to Cisco through the present, including several times in 2006. Each time, Apple was told that Cisco was not interested in ceding the mark to Apple.

18. Apparently dissatisfied with Cisco's refusal to allow Apple to use the mark iPhone for products that would conflict directly with Cisco's current use of the mark, Apple

began a surreptitious effort to attempt to obtain rights to use the name "iPhone" in connection with the very products, telephones using cellular voice and data networks, for which it had asked Cisco for rights.

19. On September 26, 2006, an entity calling itself Ocean Telecom Services LLC filed an Intent to Use (ITU) application for the mark iPhone pursuant to 35 U.S.C. § 1051(b). A copy of the application is attached as Exhibit C.

20. The Ocean Telecom application claimed a priority date of March 27, 2006, pursuant to 35 U.S.C. § 1126(d), based on the filing of application number 37090 in Trinidad and Tobago.

21. On September 19, 2006, Apple filed an application to register the trademark iPhone in Australia. The IP Australia record reflecting this application is attached as Exhibit D.

22. Like the Ocean Telecom application, Apple's Australian application claimed a priority date of March 27, 2006, based on the filing of application number 37090 in Trinidad and Tobago.

23. The goods and services description in the Ocean Telecom ITU application is practically identical to the description found in Apple's Australian application.

24. Upon information and belief, Ocean Telecom Services LLC is owned or otherwise controlled by Apple and is the alter ego of Apple.

25. Upon information and belief, the Ocean Telecom ITU application is being held up in the United States Patent and Trademark Office because Cisco already has a registration for the same mark.

26. On January 9, 2007, Apple CEO Steve Jobs publicly announced, with great fanfare, the introduction of a new Apple product named "iPhone." The announcement was made during the keynote speech of the Macworld Conference & Expo, an annual event to exhibit Apple products, which speech receives widespread international press. Apple's "iPhone" combines MP3 and video playback capabilities with computer hardware and software for providing integrated telephone communication via both cellular networks and computerized global information networks, an internet browser, camera, and personal digital assistant

functions. Details regarding pricing, availability, and retail distribution partners included with the product announcement demonstrate Apple's use of Cisco's mark in connection with the sale, offering for sale, distribution, or advertising of the Apple product.




27. Apple's use of "iPhone" in its product promotion and advertising at Macworld constitutes the use in commerce of a colorable imitation, copy and reproduction of Cisco's iPhone mark. Upon information and belief, the two marks will share an identical sight and sound and a strong similarity of meaning. Apple's use of "iPhone" for a cellular and internet phone device is deceptively and confusingly similar to Cisco's long-standing trademark for an internet-based telephony device.

28. Apple's "iPhone" device will be distributed and sold in the same types of retail channels and to the same classes of purchasers as Cisco's iPhone family of products and services.

29. Apple's use of Cisco's mark is likely to cause confusion, mistake, or deception in the minds of the public.

30. Apple's infringement constitutes a willful and malicious violation of Cisco's trademark rights, aimed at preventing Cisco from continuing to build a business around a mark that it has long possessed.

/ / /

**FIRST CLAIM**
**TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32**

31. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 30.

32. Apple's use of the iPhone brand name comprises an infringement of Cisco's registered trademark iPhone and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Cisco's goods, causing irreparable harm to Cisco for which there is no adequate remedy at law.

33. By reason of the foregoing acts, Apple is liable to Cisco for trademark infringement under 15 U.S.C. § 1114.

**SECOND CLAIM**
**UNFAIR COMPETITION UNDER LANHAM ACT § 43**

34. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 33.

35. Apple's use of the iPhone mark to promote, market, or sell telephony products or services in direct competition with Cisco's iPhone products and services constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Apple's use of the iPhone mark is likely to cause confusion, mistake, and deception among consumers. Apple's unfair competition has caused and will continue to cause damage to Cisco, and is causing irreparable harm to Cisco for which there is no adequate remedy at law.

**THIRD CLAIM**
**UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 *et seq.***

36. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 35.

37. Apple's actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

/ / /

38. Pursuant to California Business and Professions Code § 17203, Cisco is entitled to preliminary and permanent injunctive relief ordering Apple to cease this unfair competition, as well as disgorgement of all of Apple's profits associated with this unfair competition.

**FOURTH CLAIM**
**FALSE DESCRIPTION**

39. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 38.

40. Apple's iPhone mark is such a colorable imitation and copy of Cisco's trademark established in the market for telephony-related consumer products that Apple's use thereof in the context of cellular phone devices is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Cisco's products, or to deceive consumers as to the origin, sponsorship or approval of Cisco's products.

41. Cisco avers that Apple's use of the term iPhone comprises a false description or representation of such business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

**FIFTH CLAIM**
**COMMON LAW INJURY TO BUSINESS REPUTATION**

42. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 41.

43. Cisco alleges that Apple's use of Cisco's trademark inures and creates a likelihood of injury to Cisco's business reputation because persons encountering Cisco and its products and services will believe that Cisco is affiliated with or related to or has the approval of Apple, and any adverse reaction by the public to Apple and the quality of its products and the nature of its business will injure the business reputation of Cisco and the goodwill that it enjoys in connection with its iPhone trademark.

/ / /

WHEREFORE, Plaintiffs pray:

1. That Defendant Apple Inc. and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from:

(a) using Cisco's trademark depicted in Exhibit A, or any colorable imitation thereof;

(b) using any trademark that imitates or is confusingly similar to or in any way similar to Cisco's trademark iPhone, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Cisco's products or their connectedness to Defendant.

2. That Defendant be required to file with the Court and serve on Cisco within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

3. That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by Cisco resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to Cisco for any and all profits derived by it from its illegal acts complained of herein;

5. That the Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe Cisco's iPhone trademark rights, as well as all plates, matrices, and other means of making the same;

6. That the Court declare this to be an exceptional case and award Cisco its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

7. That the Court grant Cisco any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

/ / /

/ / /

8. For such other and further relief as the Court deems just and proper.

Dated: January 10, 2007

FOLGER LEVIN & KAHN LLP

Michael A. Kahn
Attorneys for Plaintiffs
Cisco Systems, Inc., Cisco Technology, Inc., and Cisco-Linksys LLC

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues triable before a jury.

Dated: January 10, 2007

FOLGER LEVIN & KAHN LLP

Michael A. Kahn
Attorneys for Plaintiffs
Cisco Systems, Inc., Cisco Technology, Inc., and Cisco-Linksys LLC

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: January 10, 2007

FOLGER LEVIN & KAHN LLP

Michael A. Kahn
Attorneys for Plaintiffs
Cisco Systems, Inc., Cisco Technology, Inc., and Cisco-Linksys LLC

00001\0079\529062.1

# EXHIBIT A

**Int. Cl.: 9**

**Prior U.S. Cls.: 21, 23, 26, 36, and 38**

**Reg. No. 2,293,011**

**United States Patent and Trademark Office** **Registered Nov. 16, 1999**

**TRADEMARK**
**PRINCIPAL REGISTER**

# IPHONE

INFOGEAR TECHNOLOGY CORPORATION (CALIFORNIA CORPORATION)
1775 WOODSIDE ROAD
REDWOOD CITY, CA 94061

FOR: COMPUTER HARDWARE AND SOFTWARE FOR PROVIDING INTEGRATED TELEPHONE COMMUNICATION WITH COMPUTERIZED GLOBAL INFORMATION NETWORKS , IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-6-1997; IN COMMERCE 6-6-1997.

SN 75-076,573, FILED 3-20-1996.

RUSS HERMAN, EXAMINING ATTORNEY

# EXHIBIT B



United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments:** 7

**Serial #:** 75076573 **Filing Dt:** 03/20/1996 **Reg #:** 2293011 **Reg. Dt:** 11/16/1999

**Registrant:** INFOGEAR TECHNOLOGY CORPORATION

**Mark:** IPHONE

**Assignment:** 1

**Reel/Frame:** 1678/0099 **Received:** 01/27/1998 **Recorded:** 01/09/1998 **Pages:** 4

**Conveyance:** CHANGE OF NAME

**Assignor:** ACKERMAN ACQUISITION CORPORATION **Exec Dt:** 03/27/1996 **Entity Type:** CORPORATION **Citizenship:** CALIFORNIA

**Assignee:** INFOGEAR TECHNOLOGY CORPORATION **Entity Type:** CORPORATION **Citizenship:** CALIFORNIA
1775 WOODSIDE ROAD
REDWOOD CITY, CALIFORNIA 94061

**Correspondent:** HOWARD, RICE, NEMEROVSKI, ET AL.
SHIRLEY J. SU
THREE EMBARCADERO CENTER
7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

**Assignment:** 2

**Reel/Frame:** 1785/0504 **Received:** 09/09/1998 **Recorded:** 09/03/1998 **Pages:** 11

**Conveyance:** SECURITY AGREEMENT

**Assignor:** INFOGEAR TECHNOLOGY CORPORATION **Exec Dt:** 07/31/1998 **Entity Type:** CORPORATION **Citizenship:** DELAWARE

**Assignee:** SILICON VALLEY BANK **Entity Type:** CORPORATION **Citizenship:** DELAWARE
3003 TASMAN DRIVE
SANTA CLARA, CALIFORNIA 95054

**Correspondent:** SILICON VALLEY BANK
JOSEPHINE M. CARINO
3003 TASMAN DRIVE, NC816
SANTA CLARA, CA 95054

**Assignment:** 3

**Reel/Frame:** 1835/0375 **Received:** 01/05/1999 **Recorded:** 12/31/1998 **Pages:** 21

**Conveyance:** SECURITY INTEREST

**Assignor:** INFOGEAR TECHNOLOGY CORPORATION **Exec Dt:** 10/21/1998 **Entity Type:** CORPORATION **Citizenship:** NONE

**Assignee:** SILICON VALLEY BANK **Entity Type:** CORPORATION **Citizenship:** CALIFORNIA
3003 TASMAN DRIVE
SANTA CLARA, CALIFORNIA 95054

**Correspondent:** SILICON VALLEY BANK
MAGGIE GARCIA
3003 TASMAN DRIVE
SANTA CLARA, CA 95054

**Assignment: 4**

**Reel/Frame:** 2133/0678 **Received:** 09/13/2000 **Recorded:** 08/15/2000 **Pages:** 12

**Conveyance:** MERGER

**Assignor:** INFOGEAR TECHNOLOGY CORPORATION
**Exec Dt:** 06/05/2000
**Entity Type:** CORPORATION
**Citizenship:** CALIFORNIA

**Assignee:** CISCO SYSTEMS, INC.
170 WEST TASMAN DRIVE
SAN JOSE, CALIFORNIA 95134-1706
**Entity Type:** CORPORATION
**Citizenship:** CALIFORNIA

**Correspondent:** COOLEY GODWARD LLP
JANET L. CULLUM
FIVE PALO ALTO SQUARE
3000 EL CAMINO REAL
PALO ALTO, CA 94306

**Assignment: 5**

**Reel/Frame:** 2421/0265 **Received:** 01/14/2002 **Recorded:** 01/07/2002 **Pages:** 5

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** CISCO SYSTEMS, INC.
**Exec Dt:** 07/30/2001
**Entity Type:** CORPORATION
**Citizenship:** NONE

**Assignee:** CISCO TECHNOLOGY, INC.
170 WEST TASMAN
SAN JOSE, CALIFORNIA 95134
**Entity Type:** CORPORATION
**Citizenship:** CALIFORNIA

**Correspondent:** BROBECK, PHLEGER & HARRISON, LLP
ROCHELLE D. ALPERT
SPEAR STREET TOWER
ONE MARKET
SAN FRANCISCO, CA 94105

**Assignment: 6**

**Reel/Frame:** 3198/0622 **Received:** 08/01/2005 **Recorded:** 07/29/2005 **Pages:** 2

**Conveyance:** RELEASE BY SECURED PARTY

**Assignor:** SILICON VALLEY BANK
**Exec Dt:** 07/22/2005
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** INFOGEAR TECHNOLOGY CORPORATION
170 W TASMAN DRIVE
SAN JOSE, CALIFORNIA 95134
**Entity Type:** CORPORATION
**Citizenship:** NONE

**Correspondent:** SILICON VALLEY BANK
LOAN DOCUMENTATION HA155
3003 TASMAN DR.
SANTA CLARA, CA 95054

**Assignment: 7**

**Reel/Frame:** 3198/0624 **Received:** 08/01/2005 **Recorded:** 07/29/2005 **Pages:** 2

**Conveyance:** RELEASE BY SECURED PARTY

**Assignor:** SILICON VALLEY BANK

**Exec Dt:** 07/22/2005
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** INFOGEAR TECHNOLOGY CORPORATION
170 W TASMAN DRIVE
SAN JOSE, CALIFORNIA 95134

**Entity Type:** CORPORATION
**Citizenship:** NONE

**Correspondent:** SILICON VALLEY BANK
3003 TASMAN DR.
LOAN DOCUMENTATION HA155
SANTA CLARA, CA 95054

Search Results as of: 01/08/2007 06:43 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350.
Web interface last modified: July 26, 2006 v.1.10

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

# EXHIBIT C

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 77007808**
**Filing Date: 09/26/2006**

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77007808 |
| **MARK INFORMATION** | |
| *MARK | iPhone |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | iPhone |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Ocean Telecom Services LLC |
| *STREET | 1209 Orange Street |
| INTERNAL ADDRESS | Corporation Trust Center, Room 123 |
| *CITY | Wilmington |
| *STATE (Required for U.S. applicants) | Delaware |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 19801 |
| EMAIL ADDRESS | jjohnstonoctelecom@gmail.com |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | LIMITED LIABILITY COMPANY |
| *STATE/COUNTRY UNDER WHICH ORGANIZED | Delaware |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 009 |
| DESCRIPTION | handheld and mobile digital electronic devices for the sending and receiving of telephone calls, faxes, electronic mail, and other digital data; MP3 and other digital format audio players; handheld computers, personal digital assistants, electronic organizers, electronic notepads; magnetic data carriers; telephones, mobile phones, computer gaming machines, |

| | |
|---|---|
| | videophones, cameras; prerecorded computer programs for personal information management, database management software, electronic mail and messaging software, paging software, database synchronization software, computer programs for accessing, browsing and searching online databases, computer software and firmware, namely operating system programs, data synchronization programs, and application development tool programs for personal and handheld computers; electronic handheld units for the wireless receipt and/or transmission of data that enable the user to keep track of or manage personal information; software for the redirection of messages, Internet e-mail, and/or other data to one or more electronic handheld devices from a data store on or associated with a personal computer or a server; and software for the synchronization of data between a remote station or device and a fixed or remote station or device; computer hardware and software for providing integrated telephone communication with computerized global information networks |
| FILING BASIS | SECTION 1(b) |
| FILING BASIS | SECTION 44(d) |
| FOREIGN APPLICATION NUMBER | 37090 |
| FOREIGN APPLICATION COUNTRY | Trinidad and Tobago |
| FOREIGN FILING DATE | 03/27/2006 |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 028 |
| DESCRIPTION | hand-held unit for playing electronic games |
| FILING BASIS | SECTION 1(b) |
| FILING BASIS | SECTION 44(d) |
| FOREIGN APPLICATION NUMBER | 37090 |
| FOREIGN APPLICATION COUNTRY | Trinidad and Tobago |
| FOREIGN FILING DATE | 03/27/2006 |
| **ATTORNEY INFORMATION** | |
| NAME | James Johnston |
| FIRM NAME | Ocean Telecom Services LLC |
| STREET | 1209 Orange Street |
| INTERNAL ADDRESS | Corporation Trust Center, Room 123 |
| CITY | Wilmington |
| STATE | Delaware |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 19801 |
| EMAIL ADDRESS | jjohnstoneotelecom@gmail.com |

| | |
|---|---|
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **CORRESPONDENCE INFORMATION** | |
| NAME | James Johnston |
| FIRM NAME | Ocean Telecom Services LLC |
| STREET | 1209 Orange Street |
| INTERNAL ADDRESS | Corporation Trust Center, Room 123 |
| CITY | Wilmington |
| STATE | Delaware |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 19801 |
| EMAIL ADDRESS | jjohnstonoctelecom@gmail.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| NUMBER OF CLASSES | 2 |
| FEE PER CLASS | 325 |
| TOTAL FEE DUE | 650 |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Tue Sep 26 16:20:01 EDT 2006 |
| TEAS STAMP | USPTO/BAS-204.155.226.2-2 0060926162001309163-77007 808-35079923aef25239279b0 5a72157d6b5d-DA-301-20060 926152514021927 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 77007808**
**Filing Date: 09/26/2006**

### To the Commissioner for Trademarks:

**MARK:** iPhone (Standard Characters, see mark)
The literal element of the mark consists of iPhone. The mark consists of standard characters, without claim to any particular font, style, size, or color.
The applicant, Ocean Telecom Services LLC, a limited liability company organized under the laws of Delaware, having an address of Corporation Trust Center, Room 123, 1209 Orange Street, Wilmington, Delaware, United States, 19801, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

International Class 009: handheld and mobile digital electronic devices for the sending and receiving of telephone calls, faxes, electronic mail,

and other digital data; MP3 and other digital format audio players; handheld computers, personal digital assistants, electronic organizers, electronic notepads; magnetic data carriers; telephones, mobile phones, computer gaming machines, videophones, cameras; prerecorded computer programs for personal information management, database management software, electronic mail and messaging software, paging software, database synchronization software, computer programs for accessing, browsing and searching online databases, computer software and firmware, namely operating system programs, data synchronization programs, and application development tool programs for personal and handheld computers; electronic handheld units for the wireless receipt and/or transmission of data that enable the user to keep track of or manage personal information; software for the redirection of messages, Internet e-mail, and/or other data to one or more electronic handheld devices from a data store on or associated with a personal computer or a server; and software for the synchronization of data between a remote station or device and a fixed or remote station or device; computer hardware and software for providing integrated telephone communication with computerized global information networks

Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

Priority based on foreign filing: Applicant has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services and asserts a claim of priority based on Trinidad and Tobago application number, 37090, filed 03/27/2006.15 U.S.C. Section 1126(d), as amended.

International Class 028: hand-held unit for playing electronic games

Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

Priority based on foreign filing: Applicant has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services and asserts a claim of priority based on Trinidad and Tobago application number, 37090, filed 03/27/2006.15 U.S.C. Section 1126(d), as amended.

The applicant hereby appoints James Johnston of Ocean Telecom Services LLC, Corporation Trust Center, Room 123, 1209 Orange Street, Wilmington, Delaware, United States, 19801 to submit this application on behalf of the applicant.

Correspondence information: James Johnston
Corporation Trust Center, Room 123
1209 Orange Street
Wilmington, Delaware 19801
jjohnstonoctelecom@gmail.com (authorized)

A fee payment in the amount of $650 will be submitted with the application, representing payment for 2 class(es).

**Declaration**

RAM Sale Number: 301
RAM Accounting Date: 09/27/2006
Serial Number: 77007808
Internet Transmission Date: Tue Sep 26 16:20:01 EDT 2006
TEAS Stamp: USPTO/BAS-204.155.226.2-2006092616200130
9163-77007808-35079923aef25239279b05a721
57d6b5d-DA-301-20060926152514021927

# iPhone

# EXHIBIT D

## Trade Mark Details

# Trade Mark : 1136410

**Word:** IPHONE
**Image:**
**Lodgement Date:** 19-SEP-2006
**Convention Details:** 27-MAR-2006
37090
TRINIDAD AND TOBAGO
**Class/es:** 9
**Status:** Indexing Approved
**Kind:** n/a
**Type:** Fancy Series

IPHONE
iPhone

**Owner/s:** **Apple Computer, Inc.**
1 Infinite Loop,
Cupertino,
California 95014,
UNITED STATES OF AMERICA

**Address for Service:** **Clayton Utz**
PO Box H3
AUSTRALIA SQUARE
1215,NSW

**Goods & Services**

**Class: 9** Handheld and mobile digital electronic devices for the sending and receiving of telephone, calls, faxes, electronic mail, and other digital data MP3 and other digital format audio players; handheld computers, personal digital assistants, electronic organizers, electronic notepads; magnetic data ewers; telephones, mobile phones, computer gaming machines, videophones, cameras; pre recorded computer programs for personal information management database management software, electronic mail and messaging software, paging software, database synchronization software, computer programs far accessing, browsing and searching online databases, computer software and firmware, namely operating system programs, data synchronization programs, and application development tool programs for personal and handheld computers; electronic handheld units for the wireless receipt and/or transmission of data that enable the user to keep track of or manage personal information; software for the redirection of messages, Internet mail, and/or other data to me or more electronic handheld devices from a data store on or associated with a personal computer or a server; and software for the synchronization of data between a remote station or device and a fixed or remote station or device; computer hardware and software for providing integrated telephone communication with computerized global, information networks

| **Indexing Details - Word** | **Constituents** |
|---|---|
| I | IPHONE |
| LTR | PHONE |

**Indexing Details - Image Constituents**